IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No __2020-017395-CA-01_____

ALVARO SANTANA,

     Plaintiff,

vs.

UNIVERSITY OF MIAMI,

     Defendant**.**

_____/

## SUMMONS IN A CIVIL CASE

TO:    UNIVERSITY OF MIAMI, c/o its Registered Agent:

        HUMBERTO SPEZIANI
        UM RISK MANAGEMENT
        1320 South Dixie Highway, S-1200
        Coral Gables, FL 33146

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

        Anthony M. Georges-Pierre, Esq.

        REMER & GEORGES-PIERRE, PLLC
        COURTHOUSE TOWER
        44 West Flagler Street, Suite 2200
        Miami, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
_Clerk of Courts_____           2/23/2021
CLERK                       _____
                                    DATE

_Iratxusha Figueroa_ 32429
(BY) DEPUTY CLERK

12

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No._____

ALVARO SANTANA**,**

       Plaintiff**,**

**vs.**

UNIVERSITY OF MIAMI

       Defendant.

_____/

## **COMPLAINT**

     Plaintiff, ALVARO SANTANA (hereinafter "Plaintiff"), by and through the undersigned

counsel, hereby sues Defendant, UNIVERSITY OF MIAMI (hereinafter "Defendant" or

"employer"), and in support avers as follows:

## **GENERAL ALLEGATIONS**

1.  This is an action exceeding of $30,000.00 exclusive of attorney's fees and costs, for declaratory and injunctive relief pursuant to the Family and Medical Leave Act, 29 United States Code, Chapter 28, *et seq*. ("FLMA") for FMLA interference and retaliation, and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress damages resulting from Defendant's willful and unlawful disability based discrimination and retaliation.

2.  Plaintiff was and continues to be, a resident of Miami-Dade County, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in South, Florida.

3. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, *Fla. Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

4. Defendant, UNIVERSITY OF MIAMI, is a not-for-profit corporation, duly authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to the Family and Medical Leave Act of 1993, since it employs fifty (50) or more employees for the applicable statutory period.

6. Defendant is an "employer" and/or a "person" pursuant to Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.,* (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. Venue is proper in Miami-Dade County, Florida because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

8. Plaintiff timely filed a charge of employment discrimination on or about August 24, 2018 with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

9. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff worked for Defendant from on or about August 1, 2005 to on or about March 6, 2018, as a Maintenance Mechanic.

12. On or about January 24, 2018, Plaintiff was diagnosed with a hernia as was told that he needed immediate surgery.

13. Plaintiff is an individual with a disability, his hernia, and thus falls within the class of individuals protected by the FCRA.

14. At all relevant times, Plaintiff's condition caused him to be substantially limited in one or more major life activities, including but not limited to heavy lifting.

15. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

16. Plaintiff reported to Defendant's Human Resources ("HR") department his diagnosis and need for surgery.

17. Plaintiff immediately applied for FMLA leave, and was approved.

18. Plaintiff left for FMLA leave, and for his surgery, on February 5, 2018 and was supposed to return on March 15, 2018.

19. After the surgery, Plaintiff's doctor told Plaintiff that he could not return to work, and as a result Plaintiff's doctor extended Plaintiff's leave.

20. Plaintiff notified Defendant's HR department about this extension of leave, and also send a copy of the medical records supporting this leave extension.

21. On or about March 5, 2018, while on FMLA, Plaintiff received a letter of termination from Defendant.

22. The reasons Defendant listed for Plaintiff's termination, found in the letter of termination, were all false.

23. Plaintiff was terminated due to his disability or perceived disability and in retaliation for his protected activity of claiming FMLA benefits, as well as in retaliation for his protected activity of claiming a reasonable accommodation.

24. Defendant's reason(s) for terminating Plaintiff is a mere pretext for unlawful discrimination.

25. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of his job duties and responsibilities; and at all relevant times Plaintiff did perform his job at satisfactory or above satisfactory levels.

<u>**COUNT I**</u>
*Interference with Rights under the FMLA*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this Complaint as if set out in full herein.

27. Plaintiff was eligible for FMLA leave.

28. Plaintiff applied and was approved for intermittent leave under the FMLA.

29. Under the FMLA, Plaintiff had the right to take leave or intermittent leave and be restored to her former position or its equivalent.

30. However, while on leave, Defendant reprimanded Plaintiff and subsequently was subsequently terminated.

31. Thereafter, Plaintiff was not allowed to be reinstated to her previous position of employment with Defendant.

32. When Defendant terminated Plaintiff, Defendant interfered with Plaintiff's right to take FMLA intermittent leave and to return to her position (or its equivalent) and thus violated the FMLA.

4

33. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

34. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation under the FMLA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this Complaint as if set out in full herein.

36. Plaintiff is an individual entitled to protection under the FMLA.

37. Plaintiff is an employee within the meaning of the FMLA in that he was employed for at

5

least 12 months and at least 1,250 hours prior to his request for leave due to suffering a serious health condition. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

38. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

39. Plaintiff gave Defendant sufficient notice of the need for leave under FMLA. Such leave was approved by Defendant.

40. Plaintiff then did take leave.

41. When Plaintiff returned from leave, Plaintiff was terminated.

42. The fact that Plaintiff took leave was a "protected activity" under the FMLA.

43. Plaintiff's leave was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff's employment.

44. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

45. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

46. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the

unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### <u>COUNT III</u>
#### *Disability Discrimination in Violation of the FCRA*

47.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this Complaint as if set out in full herein.

48.  Plaintiff has a physical disability that substantially limits one or more major life activities and is thus a member of a protected class under the FCRA.

49.  Plaintiff was regarded as having a disability by Defendant and Defendant's agents.

50.  By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

51.  Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

52.  Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

54. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

55. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

56. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

57. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

58. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

59. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

<u>COUNT IV</u>
*Retaliation in Violation of the FCRA*

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

62. Plaintiff is a member of a protected class under the FCRA.

63. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

64. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

9

65. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

66. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

67. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

68. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 14, 2020

Respectfully submitted,

/s/ Max L. Horowitz
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No._____

ALVARO SANTANA,

      Plaintiff,

vs.

UNIVERSITY OF MIAMI,

      Defendant**.**

_____/

## SUMMONS IN A CIVIL CASE

TO:    UNIVERSITY OF MIAMI, c/o its Registered Agent:

        HUMBERTO SPEZIANI
        UM RISK MANAGEMENT
        1320 South Dixie Highway, S-1200
        Coral Gables, FL 33146

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

        Anthony M. Georges-Pierre, Esq.

        REMER & GEORGES-PIERRE, PLLC
        COURTHOUSE TOWER
        44 West Flagler Street, Suite 2200
        Miami, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                    DATE

_____
(BY) DEPUTY CLERK

12

Filing # 111825666 E-Filed 08/14/2020 02:48:24 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I. **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Alvaro Santana</u>
Plaintiff
vs.
<u>University of Miami</u>
Defendant

II. **AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>500,000</u>

III. **TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions
☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical

    ☐ Malpractice – other professional
☒ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☒ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

☐ County Civil
    ☐ Small Claims up to $8,000
    ☐ Civil
    ☐ Replevins
    ☐ Evictions
    ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**   **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**V.**   **NUMBER OF CAUSES OF ACTION:**
(Specify)

<u>4</u>

**VI.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Anthony M Georges-Pierre</u>
Attorney or party
FL Bar No.: <u>533637</u>
(Bar number, if attorney)
<u>Anthony M Georges-Pierre</u>
(Type or print name)
Date:   <u>08/14/2020</u>

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No ___2020-017395-CA-01___

ALVARO SANTANA,

     Plaintiff,

vs.

UNIVERSITY OF MIAMI,

     Defendant**.**

_____/

## SUMMONS IN A CIVIL CASE

TO:    UNIVERSITY OF MIAMI, c/o its Registered Agent:

        HUMBERTO SPEZIANI
        UM RISK MANAGEMENT
        1320 South Dixie Highway, S-1200
        Coral Gables, FL 33146

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

        Anthony M. Georges-Pierre, Esq.

        REMER & GEORGES-PIERRE, PLLC
        COURTHOUSE TOWER
        44 West Flagler Street, Suite 2200
        Miami, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                    DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No __2020-017395-CA-01__

ALVARO SANTANA,

      Plaintiff,

vs.

UNIVERSITY OF MIAMI,

      Defendant**.**

_____/

## SUMMONS IN A CIVIL CASE

TO:    UNIVERSITY OF MIAMI, c/o its Registered Agent:

          HUMBERTO SPEZIANI
          UM RISK MANAGEMENT
          1320 South Dixie Highway, S-1200
          Coral Gables, FL 33146

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

          Anthony M. Georges-Pierre, Esq.

          REMER & GEORGES-PIERRE, PLLC
          COURTHOUSE TOWER
          44 West Flagler Street, Suite 2200
          Miami, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                        8/26/2020

_____         _____
CLERK                             DATE

_____
(BY) DEPUTY CLERK

# RETURN OF NON-SERVICE

State of Florida                    County of                    Circuit Court

Case Number: 2020-017395-CA-01

Plaintiff:
**ALVARO SANTANA**

vs.

Defendant:
**UNIVERSITY OF MIAMI**



ROD2020000261

For:
ANTHONY GEORGES-PIERRE
REMER & GEORGES-PIERRE PLLC
44 WEST FLAGLER
SUITE 2200
MIAMI, FL 33130

Received by Due Process, LLC on the 3rd day of September, 2020 at 6:25 pm to be served on **UNIVERSITY OF MIAMI, C/O ITS REGISTERED AGENT HUMBERTO SPEZIANI, 1320 SOUTH DIXIE HIGHWAY, S-1200, CORAL GABLES, FL 33146**.

I, GERMAN GARCIA, do hereby affirm that on the **8th day of September, 2020** at **10:00 am, I:**

**NON-SERVED** the **Summons and Complaint** for the reason that I failed to find **UNIVERSITY OF MIAMI, C/O ITS REGISTERED AGENT HUMBERTO SPEZIANI** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
9/8/2020  10:00 am  Attempted service at 1320 SOUTH DIXIE HIGHWAY, S-1200, CORAL GABLES, FL 33146, per notice on door, all legal documents are to be served by email to riskmanagement@miami.edu

*I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)*

**GERMAN GARCIA**
CPS # 1658

**Due Process, LLC**
**44 W FLAGLER**
**SUITE 2200**
**MIAMI, FL 33130**
**(305) 490-4346**

Our Job Serial Number: ROD-2020000261

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p

**IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA**

**ALVARO SANTANA,**                                    **CASE NO: 2020-017395-CA-01**

      **Plaintiff,**

**vs.**

**UNIVERSITY OF MIAMI,**

      **Defendant.**

_____/

## PLAINTIFF'S NOTICE OF STRIKING DOCKET ENTRY #7

      Plaintiff, ALVARO SANTANA, through the undersigned counsel hereby files this

Notice of Striking Docket Entry 7, Return of Non-Service, Filing #115941444 E-Filed on

10/31/2020.

Dated:  _8_  day of February, 2021                    Respectfully submitted,

                                        /s/: Max L. Horowitz_____
                                        Anthony M. Georges-Pierre, Esq.
                                        Florida Bar No.: 0533637
                                        Max L. Horowitz, Esq.
                                        Florida Bar No.: 118269
                                        REMER & GEORGES-PIERRE, PLLC
                                        44 West Flagler Street, Suite 2200
                                        Miami, FL 33130
                                        (305) 416-5000- Telephone
                                        (305) 416-5005- Facsimile
                                        Email: agp@rgpattorneys.com
                                                      mhorowitz@rgpattorneys.com

## <u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that on this __8__ day of February, 2021, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

**UNIVERSITY OF MIAMI**
c/o its Registered Agent
HUMBERTO SPEZIANI
UM RISK MANAGEMENT
1320 South Dixie Highway, S-1200
Coral Gables, FL 33146

        By: <u>/s/: Max L. Horowitz</u>
        Anthony M. Georges-Pierre, Esq.
        Florida Bar No.: 0533637
        Max L. Horowitz, Esq.
        Florida Bar No.: 118269

Case 1:21-cv-21514-UU   Document 1-1   Entered on FLSD Docket 04/20/2021   Page 21 of 28

**IN THE CIRCUIT COURT OF THE**
**11ᵀᴴ JUDICIAL CIRCUIT, IN AND FOR**
**MIAMI-DADE COUNTY, FLORIDA**
**CIRCUIT CIVIL DIVISION**

**ALVARO SANTANA,**                          **CASE NO.: 2020-017395 CA 01**
      **Plaintiff(s),**

**vs.**

**UNIVERSITY OF MIAMI,**

      **Defendant(s).**
_____/

<u>**NOTICE OF HEARING**</u>

TO:          **University of Miami**
               **Humberto Speziani**
               **UM Risk Management**
               1320 South Dixie Highway
               S-1200
               Coral Gables, FL 33146
               Email: Riskmanagement@miami.edu
                         jcruz@miami.edu

YOU ARE HEREBY NOTIFIED that the undersigned has called up for hearing the following:

          MATTER:     Motion to Determine Valid Service
          DATE:         Thursday, May 6, 2021
          TIME:          9:00 A.M.
          JUDGE:       The Honorable Peter Lopez
          LOCATION:  Dade County Courthouse
                          Via Zoom

Dated: __6__ day of April, 2021                    Respectfully submitted,


                                                    /s/: Anthony M. Georges-Pierre_____
                                                    Anthony M. Georges-Pierre, Esq.
                                                    Florida Bar No.: 0533637
                                                    Max L. Horowitz, Esq.
                                                    Florida Bar No.: 118269
                                                    **REMER & GEORGES-PIERRE, PLLC**
                                                    44 West Flagler Street, Suite 2200
                                                    Miami, FL 33130
                                                    (305) 416-5000- Telephone
                                                    (305) 416-5005- Facsimile
                                                    Email: agp@rgpattorneys.com
                                                    mhorowitz@rgpattorneys.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April __6__ 2021, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

**University of Miami**
**Humberto Speziani**
**UM Risk Management**
1320 South Dixie Highway
S-1200
Coral Gables, FL 33146
Email: Riskmanagement@miami.edu
        jcruz@miami.edu


                                                    /s/: Anthony M. Georges-Pierre_____
                                                    Anthony M. Georges-Pierre, Esq.
                                                    Florida Bar No.: 533637
                                                    Max L. Horowitz, Esq.
                                                    Florida Bar No.: 118269

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

ALVARO SANTANA;

             Plaintiff,

v.

UNIVERSITY OF MIAMI;

             Defendant.

_____/

GENERAL JURISDICTION DIVISION
CASE NO.: 2021-017395 CA 01

**NOTICE OF APPEARANCE AND DESIGNATION OF ADDRESSES**

      Eric Hernandez of Hernandez Lee Martinez, LLC files this notice of appearance as counsel

on behalf of Laurel Pinder and requests that copies of all notices, pleadings and other papers served

or filed in this action be furnished to him at the addresses shown below.  Under Florida Rule of

Judicial Administration 2.516, undersigned counsel designates the following email address and

physical mailing address:

                Eric Hernandez
                eric@hlmlegal.com
                P.O. Box 531029 (mailing address only)
                Miami, FL 33153

                Respectfully submitted,

| | |
|---|---|
| | By: _____ *s/Eric Hernandez*<br>Eric A. Hernandez<br>Fla. Bar No. 340730<br>Hernandez Lee Martinez, LLC<br>9190 Biscayne Blvd., Ste. 204<br>Miami Shores, FL 33138<br>(305) 842-2101<br>eric@hlmlegal.com<br>*Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I hereby certify that along with its filing on April 9, 2021, a copy of this document is being

emailed via Florida's E-Filing system to the other parties in the action.

*s/Eric Hernandez*
Eric A. Hernandez

Anthony M. Georges-Pierre, Esq.
Max Horowitz, Esq.
Remer & Georges-Pierre, PLLC
Courthouse Tower
44 W. Flagler Street, Suite 200
Miami, Florida 33130
agp@rgpattorneys.com
mhorowitz@rgpattorneys.com
agpassistant@rgpattorneys.com
pn@rgpattorneys.com

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-017395-CA-01
SECTION: CA10
JUDGE: Peter R. Lopez

**Alvaro Santana**

Plaintiff(s)

vs.

**University of Miami**

Defendant(s)

_____/

<u>**ORDER EXTENDING TIME TO RESPOND TO COMPLAINT**</u>

<u>**AGREED ORDER**</u>

This Cause is before the Court on the parties' agreement to extend the deadline to respond to plaintiff's complaint.  The Court having carefully considered the matter hereby orders that the deadline to respond to the complaint is extended until May 3, 2021.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>12th day of April, 2021</u>.

<u>2020-017395-CA-01 04-12-2021 9:56 AM</u>
Hon. Peter R. Lopez

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Anthony M Georges-Pierre, agp@rgpattorneys.com
Anthony M Georges-Pierre, pn@rgpattorneys.com
Anthony M Georges-Pierre, mhorowitz@rgpattorneys.com
Eric A Hernandez, eric@hlmlegal.com
Eric A Hernandez, info@hlmlegal.com

**Physically Served:**

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-017395-CA-01
SECTION: CA10
JUDGE: Peter R. Lopez

**Alvaro Santana**

Plaintiff(s)

vs.

**University of Miami**

Defendant(s)

_____/

### AGREED ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

This Cause is before the Court on the parties' agreement to extend the deadline to respond to plaintiff's complaint. The Court having carefully considered the matter hereby orders that the deadline to respond to the complaint is extended until May 3, 2021.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 12th day of April, 2021.

2020-017395-CA-01 04-12-2021 9:54 AM
Hon. Peter R. Lopez

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Anthony M Georges-Pierre, agp@rgpattorneys.com
Anthony M Georges-Pierre, pn@rgpattorneys.com

Anthony M Georges-Pierre, mhorowitz@rgpattorneys.com
Eric A Hernandez, eric@hlmlegal.com
Eric A Hernandez, info@hlmlegal.com


**Physically Served:**