UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 1:21-cv-21514-UU

ALVARO SANTANA,

    Plaintiff,

v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

**DEFENDANT UNIVERSITY OF MIAMI'S MOTION TO DISMISS ACTION AND INCORPORATED MEMORANDUM OF LAW**

Defendant, University of Miami ("UM"), through counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, and Local Rule 7.1, moves to dismiss this action with prejudice, and states:

### I. Introduction

Plaintiff, Alvaro Santana ("Santana"), attempts to state claims against UM under the Family and Medical Leave Act ("FMLA"), and the Florida Civil Rights Act ("FCRA"). Santana maintains that he can seek relief under these statutes because UM terminated his employment while he was on medical leave for hernia treatment, and according to Santana, the termination was due to his hernia as a disability, and for claiming medical leave in that regard. (D.E. 5-1 ("Compl.") ¶¶ 11-25.)

Dispositive flaws preclude Santana's claims.  With respect to the FMLA (Counts I-II), Santana did not file suit within the two-year limitations period applicable to his allegations. With respect to the FCRA (Counts III-IV), Santana does not allege any basis for a disability or

protected activity as required under the statute. Thus, Santana's claims fail as a matter of law, and the action must be dismissed with prejudice because he cannot state any claims against UM.

## II. Argument

### A. The FMLA Claims (Counts I-II) Are Time-Barred.

In the absence of *factually supported allegations* of a defendant's willfulness in violating the FMLA, a claim under the statute is subject to a two-year limitations period. *Liu v. Univ. of Miami*, 138 F. Supp. 3d 1360, 1373-74 (S.D. Fla. 2015) (discussing the FMLA limitations period), *aff'd sub nom. Wen Liu v. Univ. of Miami Sch. of Med.*, 693 Fed. Appx. 793 (11th Cir. 2017); *see also Raven Envtl. Restoration Servs., LLC v. United Nat'l Ins. Co.*, 489 F. Supp. 3d 1372, 1375 (S.D. Fla. 2020) (Ungaro, J.) (outlining the pleading requirements stated in *Twombly* and *Iqbal*).

Here, Santana's FMLA claims are devoid of allegations—factually supported or otherwise—asserting that UM willfully violated the statute. Moreover, while Santana concedes that he received a termination letter on or about March 5, 2018 (Compl. ¶ 21), he only filed suit on August 14, 2020. (*Id*. at 1 (reflecting header time stamped as "08/14/2020 02:48:24 PM").) Thus, Santana's FMLA claims are time-barred and must be dismissed as a matter of law.

### B. The FCRA Claims (Counts III-IV) Do Not Allege A Disability Or Protected Conduct.

To state a FCRA claim for disability discrimination as Santana attempts in Count III, a plaintiff must first allege facts supporting a "disability" under the terms of the statute. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1106 (Fla. 5th DCA 1998) ("To present a prima facie case of employment discrimination based on disability under FCRA, a plaintiff must show 1) that he or she is a person with a disability . . . ."); *accord Evans v. County of Alachua*, 937 So. 2d 693, 694 (Fla. 1st DCA 2006) (same).

In this regard, the Americans with Disabilities Act ("ADA") guides the analysis of FCRA claims. *See Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263–64 (11th Cir. 2007) ("Claims raised under the Florida law are analyzed under the same framework as the ADA.").

The ADA defines "disability" as "a physical or mental impairment that *substantially limits one or more major life activities* of such individual . . . ."  42 U.S.C. § 12102(1)(A) (emphasis added). "[M]ajor life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Here, Santana does not allege any facts supporting the proposition that during his employment with UM he was substantially limited in any major life activities due to his hernia, a condition that, contrary to his suggestion (Compl. ¶ 13), is only a diagnosis, not a "disability". *See Powell v. Space Coast Credit Union*, 2015 WL 9664963, at *4 (M.D. Fla. Dec. 23, 2015) (finding allegations of medical conditions insufficient to establish a disability, noting that "[a] diagnosis and an impairment are two different things and Plaintiff has not alleged how these conditions impacted his ability to perform his major life activities.), *report and recommendation adopted*, 2016 WL 81374 (M.D. Fla. Jan. 7, 2016); *Buford-Clark v. Birmingham Bd. of Educ.*, 2015 WL 225464, at *3 (N.D. Ala. Jan. 16, 2015) ("[B]y simply listing his impairments, he neither identifies an affected major life activity nor alleges how his conditions affect his ability to perform such activities. Buford–Clark has thus failed to plausibly allege that he is disabled under § 12102(1)(A)."); *see also Peoples v. Langley/Empire Candle Co.*, 2012 WL 171340, at *2 (D. Kan. Jan. 20, 2012) (listing nationwide authorities for the proposition that, "because it is temporary, can be corrected by surgery, and does not substantially limit major life activities, a hernia is not a disability under ADA.").

In fact, Santana concedes that while employed with UM as a Maintenance Mechanic (*id.* ¶ 11), he was "able to perform the essential functions of his job" (*id.* ¶¶ 15; *accord id.* 25). Moreover, the only effort Santana otherwise makes to satisfy the disability component of his claim is the following conclusory statement:

> Plaintiff's condition caused him to be substantially limited in one or more major life activities, including but not limited to *heavy lifting*.

(*Id.* ¶ 14 (emphasis added).)

This is unavailing. "Lifting", not "*heavy* lifting", is the conduct considered a "major life activity" under the statute. 42 U.S.C. § 12102(2)(A).

Indeed, "[c]ourts have consistently held that restrictions on heavy lifting do not substantially limit a major life activity." *Michios v. Rooms to Go Miami, Corp.*, 1997 WL 813004, at *3 (S.D. Fla. Nov. 13, 1997) (King, J.) (citing *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 540 (9th Cir. 1997) (finding that restriction on heavy lifting did not substantially impair the major life activity of lifting), *superseded on other grounds by statute*); *Ray v. Glidden Co.,* 85 F.3d 227, 229 (5th Cir. 1996) (noting that "inability to perform heavy lifting does not render a person substantially limited in the major activities of lifting or working."); *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1120 (5th Cir. 1998) (same); *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir. 1996) ("[W]e hold, as a matter of law, that a twenty-five pound lifting limitation . . . does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity."); *Aucutt v. Six Flags Over Mid–America*, 85 F.3d 1311, 1319 (8th Cir. 1996) (finding a twenty-five pound lifting restriction insufficient to establish a disability); *Sierra v. Port Consol. Jacksonville, L.L.C.*, 2016 WL 927189, at *5 (M.D. Fla. Mar. 4, 2016) (noting that the same analysis applies even after the 2008 ADA amendments, and finding that the plaintiff's heavy lifting restriction did not establish a disability).

Accordingly, Santana's passing and conclusory reference to "heavy lifting" is unavailing to satisfy his "disability" pleading requirements under the statute. *See Raven Envtl.*, 489 F. Supp. 3d at 1375 (explaining the *Twombly*/*Iqbal* pleading requirements applicable herein).

Santana's reference to "perceived disability" (Compl. ¶ 23), apparently suggesting that UM "regarded" him as disabled (42 U.S.C. § 12102(1)(C)), fares no better. To proceed under such a theory Santana would have to plead facts that are even more removed from the bare assertions stated in his Complaint. In particular:

> An individual can satisfy the 'regarded as' definition if he can establish that he 'has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. The relevant inquiry when analyzing 'regarded as' claims 'is not the plaintiff's actual condition, but how the Defendant 'perceived his condition, including the reactions and perceptions of persons interacting or working with him. . . .
>
> The disability must be perceived by the relevant decisionmaker. The fact that an employer is aware of an impairment is not alone sufficient to show that the employer regarded the employee as disabled or that the perception caused an adverse employment action.

*Lee v. Pierre*, 2021 WL 1617913, at *16 (S.D. Fla. Feb. 4, 2021) (Reinhart, Mag. J.) (quotation marks, citations and brackets omitted).

It is evident that Santana's allegations do not satisfy these "being regarded" requirements. His bare and conclusory statement of a "perceived disability" (Compl. ¶ 23) lacks any factual support, and the stated impairment—*i.e.*, a hernia (*id*. ¶ 13)—is transitory and correctable by surgery. *See Peoples*, 2012 WL 171340, at *2. This negates the "being regarded" formulation altogether. *See* 42 U.S.C. § 12102(3)(B) (stating that the "being regarded" formulation "shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.").

Thus, having failed to allege a "disability" under the statutory framework, Santana's disability discrimination claim under the FCRA (Count III) must be dismissed as a matter of law. Likewise, without a stated "disability", the disability retaliation claim (Count IV) must also be dismissed.  *See Powell*, 2015 WL 9664963, at *5 (finding the plaintiff failed to state a claim for disability retaliation, including because he did not satisfy the "disability" pleading requirements as part of his disability discrimination claim).

Moreover, the disability retaliation claim (Count IV) suffers from additional fatal flaws. Santana has not and cannot state facts supporting as plausible the proposition that he engaged in a statutorily protected activity under the ADA, which is the premise of a disability retaliation claim. *See* 42 U.S.C.A. § 12203(a) ("Retaliation  No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."); *Gilliard v. Georgia Dept. of Corr.*, 500 Fed. Appx. 860, 869 (11th Cir. 2012) (noting a plaintiff must first show "a statutorily protected expression").

The Complaint is devoid of any facts supporting the proposition that Santana engaged in an activity protected under the ADA.  The sole statement Santana proffers in this regard is that he "was terminated . . . in retaliation for his protected activity of claiming FMLA benefits, as well as in retaliation for his protected activity of claiming a reasonable accommodation."  (Compl. ¶ 23.) These conclusory assertions are ineffectual because claiming FMLA benefits is not an activity protected under the ADA, and Santana does not otherwise identify any reasonable accommodation requests within the scope of the ADA he attributes to the purported retaliation.  *Id*. at 865 ("To the extent that Gilliard argues that the failure to provide her with extended leave at the conclusion of her FMLA leave denied her of a reasonable accommodation, the reasonable-

accommodation requirement under the ADA is distinct from a FMLA interference claim."); *Yoosun Han v. Emory Univ.*, 658 Fed. Appx. 543, 547 (11th Cir. 2016) ("The FMLA leave provisions are 'wholly distinct' from the reasonable accommodation employers are obligated to provide under the Americans with Disabilities Act (ADA)."); *accord Morgan v. GEO Group, Inc.*, 2020 WL 948466, at *13, 15 (S.D. Fla. Feb. 5, 2020) (Altman, J.) (noting the same in dismissing a claim for ADA retaliation given the failure to identify conduct protected under the ADA); *Powell*, 2015 WL 9664963, at *5 ("Plaintiff generally alleges that the statutorily protected activity he was engaged in was 'opposing discrimination and requesting accommodation.' But, as noted above, a 'reasonable accommodation" is not leave for an indefinite period of time. Second, Plaintiff has not pled any facts to show that he made a complaint to Defendant regarding alleged violations of the ADA or FCRA before his termination. Third, he has not alleged any ultimate facts explaining what discrimination he opposed or what protected conduct he engaged in. Fourth, to the extent Plaintiff's claims of retaliation are premised on Defendant's alleged refusal to grant him FMLA leave, *a request for FMLA leave is not protected by the ADA or FCRA*.") (emphasis added).

Accordingly, Santana's claim for disability retaliation under the FCRA must be dismissed for the additional reason that he has failed to allege statutorily protected activity under the ADA.

### III. Conclusion

For all the foregoing reasons, UM respectfully requests the dismissal of this action with prejudice because Santana has not stated, and cannot state, a viable cause of action against UM.

Respectfully submitted,

By: *s/Eric Hernandez*
Eric A. Hernandez
Fla. Bar No. 340730
Arturo Martinez
Fla. Bar No. 526231
Hernandez Lee Martinez, LLC
P.O. Box 531029 (mailing address only)
Miami, FL 33153
(305) 842-2101
eric@hlmlegal.com

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**

I hereby certify that this document complies with the Court's type-volume limitations because its applicable parts contain 2060 words.

*s/Eric Hernandez*
Eric A. Hernandez

## **CERTIFICATE OF SERVICE**

I hereby certify that along with this filing on May 3, 2021, a copy of this document is being served on Plaintiff's counsel via the CMECF system.

*s/Eric Hernandez*
Eric A. Hernandez

Anthony M. Georges-Pierre, Esq.
agp@rgpattorneys.com
Max L. Horowitz, Esq.
mhorowitz@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
*Counsel for Plaintiff*